IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

DALE FRANCIS,                                    )
                                                 )
                    Plaintiff,                   )
                                                 )
vs.                                              )          Civil No. 2013-85
                                                 )
VIRGIN ISLANDS DEPARTMENT OF                     )
EDUCATION, VIRGIN DEPARTMENT                     )
OF LABOR, GARFIELD LESS, JAMES D.                )
NELSON, ADAM M. SHAPIRO, AND                     )
DAVID D. WEISHER,                                )
                                                 )
                    Defendants.                  )
_____          )

## ORDER AND REPORT AND RECOMMENDATION

This case is before the Court on the application [DE 2] of *pro se* plaintiff Dale Francis to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and for initial screening of plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2).[1]  The Court finds plaintiff has demonstrated his inability to pay the required court costs.  For the reasons set forth below, however, this Court recommends the complaint be dismissed.

### I.    FACTUAL ALLEGATIONS[2]

This matter arises out of the alleged deprivation of territorial workers' compensation

---

[1]    Section 1915(a)(1) provides "any court of the United States may authorize the commencement . . . of any suit, . . ., civil or criminal, . . . , without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] prisoner possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (alteration in original); *see Leatherman v. Obama*, 2012 U.S. Dist. LEXIS 158682, at *3 n.1 (W.D. Pa. Oct. 22, 2012) (holding section 1915(a) is not limited to prisoner suits) (citing *Jones v. NATO*, 1998 U.S. Dist. LEXIS 3569, at *2 (E.D. Pa. Mar. 20, 1998)).

[2]    Plaintiff initiated this suit on August 30, 2013.  On September 10, 2013, plaintiff filed an amended complaint.  The Court derives the facts controlling its analysis from plaintiff's complaint, the five exhibits attached thereto, and the amended complaint (which identifies, but does not include, the exhibits attached to the complaint).

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 2

benefits.  Exactly what is alleged to have happened is unclear on the face of the pleading.  Based on the Court's review of the docket, plaintiff alleges as follows.

Plaintiff was injured on October 6, 2011 in a workplace accident apparently while employed with the U.S. Virgin Islands Department of Education ("DOE").  From the complaint and amended complaint, it appears that plaintiff was in a classroom at Julius Sprauve School, St. John, U.S. Virgin Islands while repairs were being undertaken, and he was allegedly exposed to Bisphenol A ("BPA").  What happened subsequent to this exposure is less certain.

Plaintiff apparently filed a workers' compensation claim with the U.S. Virgin Islands Department of Labor ("DOL"), Workers' Compensation Administration ("WCA").[3]  At some point, plaintiff was examined by Garfield Less, M.D., James D. Nelson, M.D., Adam M. Shapiro, M.D., and David D. Weisher, M.D. – physicians designated by the DOL (collectively, "the physicians").  The physicians' reports indicated plaintiff's symptoms were not related to BPA exposure.  The DOL ultimately denied plaintiff's claim for workers' compensation benefits.

On August 30, 2013, plaintiff filed the instant action against the DOE, the DOL and the physicians (collectively, "defendants").  Plaintiff's claims sound primarily in medical malpractice and allege that defendants ignored "standard protocol in providing medical service[s] in a case of occupational exposure to a toxin."  Am. Compl. [DE 3].  In particular, plaintiff alleges that defendants "ignored" his BPA-related symptoms and "produced medical records [] cover[ing] up the injury."  *Id*.  Plaintiff contends the physicians "were told to discredit [his] case to conveniently cover-up the exposure at the school [] or to cover-up other corruption in the

---

[3]   *See* 24 V.I.C. §§ 256, 258 (explaining workers' compensation claims are filed with the administrator of the Workers' Compensation Administration).

government."  [DE 1-4 at 4]. Plaintiff alleges also that the physicians worked "in favor of the workers' compensation system" and provided "discriminatory treatment."[4]  [DE 1-3 at 1; DE 1-4 at 1].  As a result of his exposure to BPA, which remains untreated, plaintiff has "endured pain," "lung dysfunction," "heart dysfunction" and "other severe symptoms." [DE 1-4 at 2; DE 1-5 at 1-2].  Plaintiff seeks $16,000,000.00 in damages.

## II.      STANDARD OF REVIEW

Where a plaintiff has obtained leave to proceed *in forma pauperis*, a court must screen the complaint for cognizable claims and *sua sponte* dismiss all or any part of an action that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B). Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FED. R. CIV. P. 12(h)(3).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id*. at 327.   "A complaint is malicious when it 'duplicates allegations of another [] federal lawsuit by the same plaintiff.'"  *Daley v. United States Dist. Court*, 629 F. Supp. 2d 357, 359-360 (D. Del. 2009) (alteration in original) (quoting *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993)); *see also Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (stating "malicious" in the context of sections 1915(e) "is more usefully construed as intended to harass").

---

[4]      Plaintiff does not explain how his treatment by the physicians was discriminatory.  Rather, plaintiff alleges only that Weisher's "prejudicial judgments" were in response to plaintiff being "a black man" with "beards [sic] and lox."  [DE 1-4 at 3].

Whether a complaint fails to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is governed by the same standard as Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).  Accordingly, a court must determine whether the complaint includes "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  Finally, the remaining ground for dismissal under § 1915, immunity of the defendants, relates to the protection the law affords certain governmental entities and officials against particular types of lawsuits.  28 U.S.C. § 1915(e)(2)(B)(iii).

## III.    DISCUSSION

Federal subject matter jurisdiction is limited to actions in which the plaintiff's claim raises a federal question or in which there is diversity of citizenship between the plaintiff and the defendant.  28 U.S.C. §§ 1331, 1332.  Federal question subject matter jurisdiction exists where the plaintiff alleges a violation of the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Subject matter jurisdiction based on diversity of citizenship requires the plaintiff to demonstrate that none of the defendants holds citizenship in the same state as the plaintiff, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).

The amended complaint on its face does not state the basis for this Court's jurisdiction. On the Civil Cover Sheet, however, plaintiff states jurisdiction is based on the U.S. Government initiating suit (which it obviously has not) and is proper under diversity jurisdiction. "

## A.    Diversity Jurisdiction

To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), . . . diversity must be complete; that is, no plaintiff can be a citizen of the same state as any of the defendants."

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 5

*Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693 (3d Cir. 1995).  In conducting its diversity analysis, the Court considers the residency of the individual defendants only.  *See Daley v. Dowdye*, 2014 U.S. App. LEXIS 12392, at *4 (3d Cir. July 1, 2014) ("[A] Territory of the United States, which is considered a state pursuant to § 1332(d), [] cannot be considered a citizen for purposes of establishing diversity of citizenship jurisdiction.") (quoting *Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996)); *Agullard v. Principal Life Ins. Co.*, 685 F. Supp. 2d 947, 952 (D. Ariz. 2010) ("[S]tates and state agencies or instrumentalities have no state 'citizenship' for purposes of diversity jurisdiction.") (citing *Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 849 F.2d 1197, 1200 (9th Cir. 1988)).  Here, plaintiff, a Virgin Islands resident, does not state where the physicians reside.  Plaintiff's filings, however, indicate the physicians practice in the Virgin Islands, strongly suggesting that complete diversity is lacking.

Moreover, even if diversity jurisdiction exists, plaintiff has not alleged any facts indicating this Court has subject matter jurisdiction over his medical malpractice claim.  A failure to comply with the pre-filing requirements of the Virgin Islands statute governing medical malpractice actions, 27 V.I.C. § 166i, deprives a court of subject matter jurisdiction.  *Doolin v. Kasin*, 424 Fed. Appx. 106, 107 (3d Cir. 2011).  Plaintiff does not allege any facts indicating compliance with § 166i.[5]

---

[5]     Section 166i provides in pertinent part:

   No action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action] Committee and the Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the Committee within ninety days from the date the complaint was filed with the Committee, the claimant may commence his action against the health care provider in court; Provided further, That the commencement of the court action shall not prevent the Committee from obtaining the expert opinion.

27 V.I.C. § 166i(b) (alteration added).

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 6

## B.    Federal Question Jurisdiction

Additionally, original jurisdiction is also absent as plaintiff has not alleged a plausible claim for relief under federal statutory or constitutional law.  Medical malpractice claims do not arise under federal law and, therefore, cannot be a basis for original jurisdiction.  In other words, even if plaintiff pled a plausible medical malpractice claim, the Court would lack subject matter jurisdiction unless plaintiff also pled a plausible claim under federal law.

Here, plaintiff does not allege a violation of federal constitutional law.  The most liberal reading of the filings in their entirety hints that defendants allegedly violated federal statutory law.  In particular, plaintiff's allegations suggest defendants violated plaintiff's civil rights under 42 U.S.C. § 1981 by discriminating against him on the basis of his race with respect to his workers' compensation claim.  Section 1981 confers on all persons the right to "the full and equal benefit of all laws and proceedings for the security of persons and property . . . . "  42 U.S.C. § 1981(a); *see Morris v. United States*, 2014 U.S. Dist. LEXIS 40850, at *16 (D.N.J. Mar. 27, 2014) (noting that "[s]ection 1981 provides extensive equal protection rights").  Its prohibitions are enforced against state actors by suits under 42 U.S.C. § 1983.  *See, e.g., Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731-32 (1989); *McGovern v. City of Philadelphia*, 554 F.3d 114, 117 (3d Cir. 2008).

Section 1983 is not a source of substantive rights.[6]  Instead, it provides a remedy to

---

[6]    A claim brought pursuant to 42 U.S.C. § 1983 is subject to the same statute of limitations as a personal injury claim in the state where the claim arose.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Cito v. Bridgewater Township Police Dep't*, 892 F .2d 23, 25 (3d Cir. 1989).   Plaintiff's claims against defendants arose in the Virgin Islands; thus, the applicable statute of limitations is the Virgin Islands' statute of limitations for personal injury actions, which is two years.  5 V.I.C. § 31(5)(A).  The statute of limitations period begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of the section 1983 action." *Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991).  Here, while plaintiff does not state when the alleged discriminatory actions took place, he states his alleged exposure to BPA occurred in October 2011.  As plaintiff's workers'

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 7

redress violations of federal law grounded in federal constitutional provisions or statutes.  *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979); *accord Kaucher v. County of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (footnote omitted).  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, to state a claim for relief under § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States while acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 49-50 (1988); *accord Kaucher*, 455 F.3d at 423.

1.    *Alleged Statutory Violation – Section 1981 Race Discrimination Claim*

Plaintiff has not pled any facts indicating that the denial of his workers' compensation claim was due to his race.  Rather, allegations of discriminatory animus are limited to the following:

(1) Weisher "acted as though [plaintiff] was a lazy black man;"

(2) Plaintiff's "appearance with beards and lox [sic]" negatively influenced Weisher's opinion about plaintiff's injury claim; and

(3) General allegations of "discriminatory treatment," "prejudice," "prejudicial judgments," "personal prejudices," and "discrimination in [] provision of services."

*See* [DEs 1-4; 1-5]. Factual allegations must be enough to raise a right to relief above the speculative level . . . . "  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Plaintiff has not

_____

compensation claim would have arisen sometime thereafter, plaintiff's § 1983 action, filed August 30, 2013, is timely.

pled any facts, such as statements by defendants, indicating the denial of workers' compensation benefits was due to his race.

2.      *Liability of Defendants*

Even if plaintiff alleged the deprivation of a federal right, he is unable to meet the second prong of a § 1983 claim – that is, demonstrating such deprivation was by a person acting under the color of state law.

i.      <u>Department of Labor and Department of Education</u>

It is well established that the Government of the Virgin Islands and its instrumentalities do not fall within § 1983's meaning of a "person." *Ngiraingas v. Sanchez*, 495 U.S. 182, 192 (1990) ("Congress did not intend to encompass a Territory among those "persons" who could be exposed to § 1983 liability."); *accord Brow v. Farrelly*, 994 F.2d 1027, 1037 (3d Cir. 1993); *Eddy v. V.I. Water & Power Auth.*, 955 F. Supp. 468, 476 (D.V.I. 1997).  Thus, the DOE and DOL are not subject to liability under § 1983 as matter of law.  *See e.g.*, *Wyatt, V.I., Inc. v. Virgin Islands*, 2002 U.S. Dist. LEXIS 10584, at *5 (D.V.I. Jun. 5, 2002) (holding "the Virgin Islands Government, the Department of Labor and the Commissioner are not 'persons' . . . and, thus, they are not subject to suit under § 1983"), *rev'd on other grounds*, 385 F.3d 801 (3d Cir. 2004).  Given the DOE and the DOL are immune from § 1983 liability, plaintiff fails to state a § 1983 claim against either.

ii.     <u>Less, Nelson, Shapiro and Weisher</u>

The Court now turns to the extent to which any of the physicians can be subject to liability under § 1983.  *See Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998) (acknowledging the potential for liability under § 1983 on the part of private parties).  To state a claim for private party liability under § 1983, a plaintiff must first allege that the defendant's acts

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 9

were "the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3rd Cir. 1999) (citing *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930, 937 (1982)).   Here, plaintiff alleges that the "Department of Labor Workers Compensation Office" contracted with the physicians to examine plaintiff.   Am. Compl. at 1; *see also* 24 V.I.C. § 259 ("After an injury, the employee shall, as frequently and at such times and places as may be reasonably required, submit himself to examination by such doctor as the Administrator [of the WCA] may designate.") (alteration added).   Accordingly, plaintiff has satisfied the first element.

It is not enough, however, that a private party acted pursuant to a state statute.   *Lugar*, 457 U.S. at 939.   A plaintiff must also allege facts that give rise to a plausible inference that the private party is a state actor.[7]   *Angelico*, 184 F.3d at 277; *see Lugar*, 457 U.S. at 939 (explaining it is not enough that a private party acted pursuant to a state statute).   The United States Supreme Court has established three tests to determine whether a private party can be characterized as a state actor: (1) the "public function or government function" test; (2) the "state compulsion" test; and (3) the "symbiotic relationship" or "joint participation" or "nexus" test.   *Lugar*, 457 U.S. at 939; *accord See Mochan v. Arc of Montgomery County*, 2007 U.S. Dist. LEXIS 15265, at *11 n.4 (E.D. Pa. Mar. 2, 2007) (citing *Groman v. Township of Manalapan*, 47 F.3d 628 (3d Cir. 1995)); *see Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (defining the three tests).

---

[7]     *See Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes."); *Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991) ("[P]rivate parties are not generally acting under color of state law.").

Under the public function test, plaintiff must establish that each individual's function as a physician is "traditionally the *exclusive* prerogative of the State."[8]  *Rendell Baker v. Kohn*, 457 U.S. 830, 842 (1982) (emphasis in original).  Plaintiff has not made any such allegation, nor could he.  *See Robert S. v. Stetson Sch., Inc.*, 256 F.3d 159, 165 (3d Cir. 2001) (stating the public function test "imposes a rigorous standard that is rarely satisfied") (ellipsis, internal quotation marks and citation omitted).  Accordingly, the physicians cannot be found as state actors under the public function test.

Neither has plaintiff alleged any facts relevant to the state compulsion test, which requires a plaintiff to show that the state exercised coercive power over the private party (i.e., the physicians). To prevail under the state compulsion test, plaintiff must allege that the state "exercised coercive power or has provided such significant encouragement, either overt or covert, that the [private decision or action] must in law be deemed to be that of the State." *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982); *see, e.g., Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 171 (1970) (finding state action where the owner of a company, in the presence of a police officer, enforced a law requiring segregation in a dining facility).  Plaintiff does not allege that the physicians were compelled by law or other coercive power or significant encouragement of the Territory to engage in any conduct giving rise to a constitutional or statutory violation.  *See Kach*, 589 F.3d at 648 ("Acts of private contractors do not become acts of the State simply because they are performing public contracts.").  Accordingly, plaintiff has not established state action against the physicians under the state compulsion test.

---

[8]      An example of an exclusive public function is "the conduct of [state-regulated] elections."  *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 158 (1978).

Under the symbiotic relationship test, a plaintiff must show that the state "has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Id.* at 646. "The prototypical symbiotic relationship case occurs when the government has a proprietary interest in the private entity." *Scheiner v. Wallace*, 860 F. Supp. 991, 999 (S.D.N.Y. 1994) (citing *Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725 (1961)). Here, plaintiff has not alleged any interdependence between the Territory and the physicians beyond the physicians' contractual relationship with the Territory. This relationship is not a sufficient basis from which to extrapolate an interdependent relationship as there are no facts suggesting that the Territory has a financial stake or proprietary interest in the physicians' work. For example, plaintiff does not allege that the majority of the physicians' work is for the Territory. Accordingly, plaintiff's filings in this action are void of any factual allegations that would give rise to the inference of a symbiotic relationship.

In sum, plaintiff fails to state a cause of action under § 1983 against the physicians because their challenged actions – that is, finding plaintiff's symptoms were not attributed to BPA exposure – may not be fairly attributed to the Territory under any of the articulated tests. As a result, federal question jurisdiction does not exist.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby ORDERED that plaintiff's application to proceed *in forma pauperis* is ALLOWED. In addition, this Court RECOMMENDS that plaintiff's complaint be DISMISSED WITH PREJUDICE for failing to state a claim for which relief may

*Francis v. Virgin Islands Dept. of Education, et al.*
Civil No. 2013-85
Page 12

be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).[9]

Any objections to this Report and Recommendation must be filed in writing within 14 days of receipt of this notice. Failure to file objections within the specified time shall bar the aggrieved party from attacking such Report and Recommendation before the assigned District Court Judge.  28 U.S.C. § 636(b)(1); LRCi 72.3.

**Dated:**  September 9, 2014                    S_____
                                                        **RUTH MILLER**
                                                        United States Magistrate Judge

---

[9]      *Pro se* litigants are to be granted leave to file a curative amended complaint "even when a plaintiff does not seek leave to amend . . . unless such an amendment would be inequitable or futile." *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir.  2004).   A complaint that sets forth facts which affirmatively demonstrate that the *pro se* plaintiff has no right to recover is properly dismissed without leave to amend. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Even without leave to amend, however, plaintiff is not without a remedy as he may bring his medical malpractice action in local court.