```
          DISTRICT COURT OF THE VIRGIN ISLANDS
            DIVISION OF ST. THOMAS AND ST. JOHN
```

DALE H. FRANCIS,                      )
                                      )
         Plaintiff,                   )
                                      )
         v.                           )    Civil No. 2013-85
                                      )
DEPARTMENT OF EDUCATION; DEPARTMENT OF )
LABOR; LESS; NELSON; SHAPIRO; and     )
WEISNER,                              )
                                      )
         Defendants.                  )
                                      )

**APPEARANCES:**

**Dale H. Francis**
St. Thomas, U.S.V.I.
   *Pro se plaintiff.*

## ORDER

**GÓMEZ, J.**

Before the Court is the Report and Recommendation of Magistrate Judge Ruth Miller.

On August 30, 2013, Dale Francis ("Francis") filed his initial complaint. Francis alleges that he was exposed to Bisphenol A while working at Julius Sprauve School. Exposure to Bisphenol A allegedly left him injured and disabled. After this incident, the Virgin Islands Department of Labor, Workers Compensation Office and its contractors, Dr. Garfield Less, Dr. James Nelson, Dr. Adam Shapiro, and Dr. David Weisher allegedly ignored Francis's injuries and attempted to cover up the incident.

*Francis v. Gov't of the Virgin Islands, et al.*
13-cv-85
Order
Page 2

Francis also filed a motion to proceed *in forma pauperis*. Subsequently, he filed an amended complaint against the Department of Education, the Department of Labor, Dr. Garfield Less, Dr. James Nelson, Dr. Adam Shapiro, and Dr. David Weisher. The Court then referred Francis's motion to proceed *in forma pauperis* to the Magistrate Judge.

The Magistrate granted Francis's motion and screened Francis's complaint pursuant to 28 U.S.C. § 1915(e)(2). Thereafter, the Magistrate issued the instant Report and Recommendation recommending that the complaint should be dismissed for lack of jurisdiction because Francis had (1) failed to adequately plead diversity jurisdiction; (2) failed to plead that he had complied with the pre-filing requirements for malpractice claims in the Virgin Islands; (3) failed to plead a deprivation of rights that could be remedied under 28 U.S.C. § 1983; and (4) failed to plead facts indicating that any defendant was a person acting under color of state law pursuant to 28 U.S.C. § 1983. The Magistrate further recommended that the complaint should be dismissed with prejudice.

No objections to the report and recommendation were filed.[1] Because no objections were filed, the Court need only review the

---

[1] Francis filed a motion for extension of time to respond to the Report and Recommendation. (ECF No. 6.) Francis then filed a purported amendment to his complaint, not an objection to the Report and Recommendation. (*See* ECF No.

report and recommendation for plain error. *See Henderson v. Carlson,* 812 F.2d 874, 878 (3d Cir.1987) ("While this statutory provision [28 U.S.C. § 636(b)(1)(C)] may not require, in the absence of objections, the district court to review the magistrate's report before accepting it, we believe that the better practice is for the district judge to afford some level of review to dispositive legal issues raised by the report."); *Tice v. Wilson,* 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) *aff'd,* 276 F. App'x 125 (3d Cir. 2008)("By virtue of Respondent's failure to file Objections to that portion of the Magistrate Judge's Report and Recommendation recommending the granting of habeas relief, the Respondent has waived its right to have this Court conduct a *de novo* review of the factual and legal conclusions which form the basis for that aspect of the Magistrate Judge's decision. Instead, the scope of our review is far more limited and is conducted under the far more deferential standard of 'plain error.'"). Upon review of the Report and Recommendation, the Court finds no plain error in the Magistrate's conclusion that Francis (1) failed to adequately plead diversity jurisdiction; (2) failed to plead that he had

---

7.)  That document is labelled "Amendment A" and purports to address the Court's concerns regarding diversity jurisdiction. Amendment A alleges only a product liability claim against the manufacturer of insulation allegedly used at Julius Sprauve School, Warp Bros. Warp Bros. is allegedly located in Illinois.

complied with the pre-filing requirements for malpractice claims in the Virgin Islands; (3) failed to plead a deprivation of rights against that could be remedied under 28 U.S.C. § 1983; and (4) failed to plead facts indicating that any defendant was a person acting under color of state law pursuant to 28 U.S.C. § 1983.

The Court does not agree, however, that the complaint should be dismissed with prejudice. It is clear that Francis has not adequately pled any claim cognizable in this Court. It is not clear, however, that he could not do so.

Where a complaint is subject to dismissal, district courts are instructed to provide the plaintiff with leave to amend even if the plaintiff has not requested such leave. *See Phillips v. Cnty. Of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). This is true even where a complaint is dismissed for lack of subject-matter jurisdiction. *Thomas v. Advance Hous., Inc.*, 440 F. App'x 86, 87 (3d Cir. 2011)("Before it dismisses a case for lack of subject matter jurisdiction, the district court must allow plaintiff a chance to amend his complaint . . . ."). The only exception to this general rule is where the district court finds that amendment would be inequitable or futile. *See Phillips*, 525 F.3d at 245. The Court does not find that permitting amendment in this matter would be inequitable or futile. Therefore, the

*Francis v. Gov't of the Virgin Islands, et al.*
13-cv-85
Order
Page 5

Court will permit Francis to file a second amended complaint. All allegations and claims must be included therein, in one document.

    The premises considered; it is hereby

    **ORDERED** that the Magistrate Judge's Report and Recommendation is **ADOPTED in part** and **MODIFIED in part**, it is further

    **ORDERED** that insofar as the Report and Recommendation would dismiss Francis's complaint with prejudice, that portion of the Report and Recommendation is **MODIFIED** such that Francis's complaint shall be dismissed without prejudice; it is further

    **ORDERED** that the remaining portions of the Report and Recommendation are **ADOPTED**; and it is further

    **ORDERED** that Francis shall have leave to file a second amended complaint not later than 3:00 PM on July 30, 2015. Failure to do so may result in dismissal of this action.

                                            S\_____
                                              **CURTIS V. GÓMEZ**
                                              **District Judge**